UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-553-H

**RAHSAAN BRANDON DARDEN**                                                 **PETITIONER**

v.

**GOVERNMENT**                                                                    **RESPONDENT**

<u>**MEMORANDUM OPINION**</u>

On or about October 11, 2007, Petitioner filed this lawsuit. It is styled a "petition for writ of habeas corpus." Because Petitioner did not file either an application to proceed without prepayment of fees or pay the filing fee, the Clerk of Court issued a deficiency notice. In response, Petitioner filed a prisoner application to proceed without prepayment of fees. As his place of incarceration, Petitioner simply listed "Alabama." Moreover, he stated that he did not obtain a certified copy of his prison trust account statement because "I can't make anyone sign there [sic] name after the[y] have refused a number of times. Also, they have stated they will put me in jail for trying to obtain IFP." From the face of Petitioner's application, it appeared to the Court that Petitioner may not be currently incarcerated. Accordingly, the Court ordered Petitioner to notify it in writing of the name of the federal or state institution where he is incarcerated or if he is not currently incarcerated to so advise the Court. In the event that Petitioner was not incarcerated, the Court directed him to complete and file a non-prisoner application to proceed without prepayment of fees.

In response to the Court's Order**,** Petitioner filed a variety of documents with the Court. The documents are somewhat difficult to decipher. However, from a review of Petitioner's filings, the Court has determined that Petitioner was convicted in Jefferson County, **Alabama** on

or about June 27, 2003, and sentenced to 1,420 days incarceration. It also appears that on or about September 9, 2003, Petitioner was paroled or placed on some type of supervised release for a period of five years, and that he presently resides in the state of Alabama.

A habeas petition can be brought in the court with jurisdiction over the prisoner or his custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495-99 (1973). In this instance, this Court which is located in **Kentucky** does not have jurisdiction over either the Petitioner, an Alabama resident, or his custodians (presumably Alabama officials). This action should have been brought in Alabama, not Kentucky.[1]

Pursuant to 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice*, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed, . . . ." (emphasis added). "The decision of whether to dismiss or transfer is within the district court's sound discretion." *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998). Because there are so many procedural deficiencies with respect to this claim (failure to properly allege exhaustion, failure to name the correct respondent, and generally a lack of clarity in the Petitioner's filings), in the interest of justice the Court has elected to dismiss the instant action rather than to transfer it to the Northern District of Alabama, the federal district court division embracing Jefferson County, Alabama. Should Petitioner wish to re-file this action in federal court he is instructed that the address of that court is as follows:

---

[1] Because this Court is located in Jefferson County, Kentucky, the Court believes that Petitioner may have simply mistakenly believed that this was the correct location to file his action because his judgement arose out of a conviction in Jefferson County, Alabama. As explained below, however, the United States District Court for the Northern District of Alabama encompasses Jefferson County, Alabama, not this Court.

United States District Court, Northern District of Alabama, 1729 Fifth Avenue North, Birmingham, AL 35203.

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), *i.e.*, a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court denies such a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484. In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Consistent with this Memorandum Opinion, the Court will enter a separate Order dismissing this case for lack of personal jurisdiction.

Date:

cc: Petitioner, *pro se*

4412.008